**Notice of Removal**

**Exhibit A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL DISTRICT |
| Curtis Wilson,<br><br>                Plaintiff,<br><br>v.<br><br>Saddle Creek Logistics, Inc.,<br><br>                Defendants | ACCEPTANCE OF SERVICE<br><br>Case No. 2022-CP-42-04209 |

I, **Thomas A. Bright**, attorney for Saddle Creek Logistics, Inc., defendant do hereby accept service of Summons and Complaint in the above referenced matter on this 3rd day of November, 2022.

                                                      _____
                                                            Attorney for Defendant

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL DISTRICT |
| Curtis Wilson,         )<br>                              )<br>     Plaintiff,      )<br>                              )<br>v.                          )<br>                              )<br>Saddle Creek Logistics, Inc.  )<br>                              )<br>     Defendants.    )<br>_____)  | C.A. FILE NO. 2022-CP-04-<br><br>**SUMMONS** |

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to respond to the **COMPLAINT** filed in the above action, a copy of which is herewith served upon you, and to serve a copy of your response upon the subscriber at his office located at 3 Boyce Avenue, Greenville, SC 29601, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to appropriately respond hereto within that time period, the Plaintiff herein will apply to the Court for the relief demanded in the attached **COMPLAINT** and a Judgment by Default will be rendered against you for the relief demanded in the attached.

Respectfully Submitted this

1st day of November, 2022

**TRULUCK THOMASON, LLC**

s/Devon M. Puriefoy
Devon M. Puriefoy
Bar No.:102097
Kimberly Thomason
Bar No.: 73179
3 Boyce Avenue
Greenville, SC 29601
Phone: (864) 331-1751
Fax: (864) 243-8115
devon@truluckthomason.com
kim@truluckthomason.com

*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SPARTANBURG | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL DISTRICT |
| | C.A. FILE NO. 2022-CP-04- |
| Curtis Wilson, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>Saddle Creek Logistics, Inc. )<br>  )<br>  Defendants. )<br>  ) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

**TO THE DEFENDANT ABOVE NAMED:**

## EMPLOYMENT LAWSUIT

Plaintiff in this **Racial Discrimination and Retaliation** case respectfully alleges that the Defendants have committed the foregoing civil wrongs.

## INTRODUCTION

1. Plaintiff is a citizen and resident of Spartanburg County and is a member of a racial minority.

2. Saddle Creek Corporation is a Florida corporation that regularly conducts business within the state of South Carolina.

3. This lawsuit alleges unlawful racial discrimination and retaliation under Title VII Civil Rights Act and 42 U.S.C. §1981.

4. The parties have sufficient connections to Greenville, South Carolina to warrant the venue and personal jurisdiction of this Court.

5. Plaintiff was an employee of the Defendant in Greenville County, South Carolina.

6. This Court has jurisdiction over the subject matter of this lawsuit because it is premised on South Carolina statutory claim in part and because the federal claim alleged is permitted to be filed in state court.

**FACTUAL ALLEGATIONS**

7. Saddle Creek Corporation ("Saddle Creek") was established as a foreign South Carolina corporation on or about May 18, 2015 and operates as an asset-based third-party logistics provider.

8. Plaintiff, an African American male, was hired as a distribution supervisor at Saddle Creek's Duncan, South Carolina plant on or about January 4, 2021.

9. At the time of his hiring, Plaintiff was assigned to the third shift which consisted almost exclusively of African Americans. The demographics of the second shift nearly mirrored that of the third shift, while first shift employees and managers were primarily Caucasian.

10. Saddle Creek used an anonymous complaint platform called "My Safe Workspace" (MSW) which allowed individuals to anonymously submit workplace complaints.

11. Upon information and belief, only the second and third shift employees of Saddle Creek were subjected to these anonymous complaints, while the primarily Caucasian employees and managers on first shift were not subjected to the same threats of anonymous complaints.

12. By April of 2021 Plaintiff appeared to be thriving in his role as a distribution supervisor and in an effort to continue building a strong team, he offered his subordinate, Amanda Taylor, a promotion to team lead.

13. Unfortunately, however, Plaintiff ultimately decided, with the full support of his supervisors, that due to repeated instances of mismanagement leading to distribution floor breakdowns under Ms. Taylor's, to withdraw the promotion opportunity.

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

14. At no time prior to Plaintiff withdrawing Ms. Taylor's promotion to team lead had he received any written or verbal warnings or reprimands related to this workplace conduct or productivity.

15. Approximately four (4) weeks after Plaintiff declined the promotion, Amanda Taylor resigned her position and the MSW complaints immediately began.

16. The initial MSW complaint lodged against Mr. Wilson occurred in April 2021. The unnamed complainant made numerous baseless allegations about Mr. Wilson's character and workplace demeanor.

17. At the same time of the pending initial complaint, Plaintiff was presented with an opportunity for a lateral move from his position as distribution supervisor, to a similar position at a plant located in Texas.

18. Although appreciative of the opportunity, Plaintiff once again decided to decline the offer, a decision he believed was best for his family.

19. It was following this decision that Mr. Wilson became regularly subjected to the discriminatory practices of Saddle Creek.

20. In July of 2021 Tony Wolver – a white male - arrived at Saddle Creek and was Mr. Wilson's direct supervisor. Between July 1, 2021 until July 31, 2021, four months after the initial MSW complaint, reports began again. The complaints included allegations of favoritism and Mr. Wilson having a "nonchalant attitude." This sparked an unprecedented investigation by the Saddle Creek Human Resource office and the Regional Human Resource office which included interviews with Mr. Wilson's entire team, each of which denied any suggestion that Plaintiff's performance and attitude were anything short of professional.

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

21. In fact, shortly after Mr. Wolver arrived at Saddle Creek, he discovered that plant supervisor Sarah Hakins – a white female - was regularly out drinking with and attending adult clubs with associates. It was also discovered that Ms. Hakins was sexually involved with her subordinates, yet, no investigation was launched, no focus groups were called in, no interviews were conducted, and no disciplinary action was taken.

22. However, with Plaintiff, despite Saddle Creek finding the complaints to be unsubstantiated, he was subjected to a lengthy corrective action plan which on its face failed to identify any performance area where there was any suggested, yet alone confirmed, deficiencies beyond those lodged in what was beginning to look like sham MSW complaints.

23. This fact, however, did not stop Defendants from continuing with its campaign to target Plaintiff.

24. Shortly after the conclusion of the first investigation, Plaintiff was once again called into Mr. Wolver's office, this time based on the absurd alleged accusation that Plaintiff was showing up and/or getting "high" at work.

25. Plaintiff vehemently denied these allegations and demanded he be told who was lodging these false, and defamatory complaints.

26. Rather than give Plaintiff any sense that the complaints were in fact being filed in good faith, Mr. Wolver instead elected to force Plaintiff to immediately be subjected to a drug test.

27. Plaintiff, out of fear of losing his job, reluctantly complied with the demand. The result, of course, exonerated Plaintiff of any wrongdoing, while Defendant's representatives continued to assert, they were justified in their discriminatory conduct because of alleged complaints that continued to roll in.

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

28. Sensing Plaintiff's growing frustration, and having missed on both fabricated events Mr. Wolver assured Plaintiff that "this is all behind us." However,

29. The peace did not last as Mr. Wilson was again called into Mr. Wolver's office in January 2022 regarding individuals using in illegal drug use in the parking lot. It was during that meeting that discussions were had that Mr. Wilson would be required transfer to a different shift under threat of termination if he refused. Mr. Wilson was then moved from the shift he was hired to be on, to a shift that his white counterpart made clear to management she longer wanted. In fact, Damara – a white female - noted just days before the required shift change that she would quit if she was not given a more favorable shift.

30. Shortly after Mr. Wilson was forced onto his new shift, Brittany Lawson reported to Mr. Wilson's office stating that she was going to kill herself due to issues she was having with her boyfriend who was also an employee of Saddle Creek. Mr. Wilson appropriately spoke with Ms. Lawson to calm her down and it was from that conversation that he suggested she remove herself from her current living environment to avoid additional stressors. Ms. Lawson subsequently informed her boyfriend that Mr. Wilson offered to allow her to stay in a rental property he owned, however, Mr. Wilson made no such offer, and in fact does not own rental property. Mr. Wilson discussed his interaction with Mr. Wolver who ultimately approved of the manner in which Mr. Wilson handled the situation.

31. However, in February of 2022, Mr. Wolver again came to Mr. Wilson to discuss additional complaints that were being raised related to the Lawson matter. It was at this meeting that Mr. Wolver informed Mr. Wilson that he was being terminated because of the Ms. Lawson situation, obvious pretext for the true reason for his termination. Mr. Wilson stood to exit the office at which time Mr. Wolver, audibly and distinctly stated "ni**ers do not belong in management."

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

32. It is nearly impossible to put into words the financial stress and the emotional trauma that Mr. Wilson has suffered as a result of the unrelenting onslaught of racially motivated attacks by Saddle Creek supervisors.

**FOR A FIRST CAUSE OF ACTION**
*(Racial Discrimination: Civil Rights Act of 1964)*

33. Plaintiff realleges the foregoing where consistent.

34. Plaintiff is a member of a protected class.

35. Plaintiff was subjected to repeated instances of targeted discrimination.

36. Examples of these discriminatory practices included, but again are not limited to: (1) following Plaintiff's election to withdraw Ms. Taylor's promotion opportunity, Plaintiff allegedly began receiving numerous workplace complaints through a complaint system that targeted shifts that were worked by predominantly minority workers. Despite each and every "complaint" being deemed unsubstantiated/unfounded, all it took was one allegation that, Plaintiff, a black male, was "high" while at work at which time he was forced by his white supervisor to immediately submit to a drug screen; (2) Plaintiff was subjected to a full scale witch hunt whereby Defendant brought in corporate representatives to round up Plaintiff's entire team for interviews in an effort to find a "reason" to terminate Plaintiff as a direct result of these unsubstantiated claims; and (3) Plaintiff being moved off the shift that he was hired for in order for Defendant to appease Plaintiff's white counterpart.

37. After Defendants efforts to find a "legitimate" reason to fire Plaintiff failed, Plaintiff was called into his supervisor's office where Plaintiff was accused on mishandling the Brittany Lawson incident. After taking issue with Mr. Wolver's findings, and more specifically taking particular issue with the fact that Mr. Wolver had praised Plaintiff on his handling of that matter just weeks before, Mr. Wolver stated, very clearly, that "ni\*\*ers don't belong in management."

38. Plaintiff requests compensatory damages, back pay, punitive damages, attorney's fees and costs, prejudgment interest.

## FOR A SECOND CAUSE OF ACTION
*(Racial Discrimination in violation of 42 U.S.C. §1981)*

39. Plaintiff realleges the foregoing where consistent.

40. Defendant allowed white supervisors to systematically engage in activities to purposely and intentionally create a discriminatory work environment.

41. When the continual harassment failed to produce the wanted result of a "for cause" basis for termination of Plaintiff, or in the alternative for Plaintiff resign, Defendant proceeded to terminate Plaintiff's employment under the covering of issues related to a previously resolved matter.

42. Such harassment and discrimination was intentional and willful.

43. As a result of such discrimination, Plaintiff has suffered loss of income, humiliation, loss of reputation and other special and general damages.

## FOR A THIRD CAUSE OF ACTION
*(Reservation of Right to Amend Complaint)*

44. Each and every allegation contained herein is realleged and reasserted as if set forth verbatim herein.

45. Plaintiff may have other causes of action against Defendant and therefore reserves the right to assert such causes of action in a timely fashion after the facts to assert such claims become known.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests the following relief:

a.   An award of actual and compensatory and special damages in an appropriate amount;

b.   An award of punitive damages in an amount to be determined by a jury;

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

ELECTRONICALLY FILED - 2022 Nov 01 1:04 PM - SPARTANBURG - COMMON PLEAS - CASE#2022CP4204209

c.     Such other and further relief as this Court may deem just and proper.

Respectfully Submitted this
1st day of November, 2022

**TRULUCK THOMASON, LLC**

s/Devon M. Puriefoy
Devon M. Puriefoy
Bar No.:102097
Kimberly Thomason
Bar No.: 73179
3 Boyce Avenue
Greenville, SC 29601
Phone: (864) 331-1751
Fax: (864) 243-8115
devon@truluckthomason.com
kim@truluckthomason.com

*Attorneys for Plaintiff*
